# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

**INDEX #**

----------------------------------------------------------------X

HADJA DUNZO,

Plaintiff,

-against-

TARGET CORPORATION & RONNY'S BAY LLC,

Defendants,

----------------------------------------------------------------X

Plaintiff designates Queens County as Place of Trial. The basis of venue is Plaintiff's address

**SUMMONS**

Plaintiff's address:
1460 Beach Channel Drive
Apt.# 3E
Far Rockaway, New York 11691

TO THE DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
December 31, 2024

Yours etc.,
LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: ______________________
NEIL MOLDOVAN, ESQ.
Attorneys for Plaintiff
**HADJA DUNZO**
900 Stewart Avenue, Ste. 220
Garden City, New York 11530
(516) 294-3300

**Defendant's Address:**
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403

Ronnys Bay LLC
150 E 58 St #39
New York, NY 10155

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
HADJA DUNZO,

Plaintiff,

-against-

TARGET CORPORATION & RONNY'S BAY LLC,

Defendants,
-----------------------------------------------------------------X

**Index #**

**VERIFIED COMPLAINT**

Plaintiff, **HADJA DUNZO**, by and through her attorneys, the **LAW OFFICES OF NEIL MOLDOVAN, P.C.**, complaining of the Defendant, alleges upon information and belief as follows:

## BACKGROUND ALLEGATIONS

1. That at all times hereinafter mentioned, Plaintiff, **HADJA DUNZO** (hereinafter **"DUNZO"**), was and still is a resident of the County of Queens, State of New York.

2. Upon information and belief, that at all times herein mentioned, Defendant, **TARGET CORPORATION** (hereinafter **"TARGET"**) is a foreign corporation with headquarters at 1100 Nicollet Mall, Minneapolis, MN and is doing business in the State of New York as the Target Retail Store.

3. That at all times herein mentioned, Defendant, **RONNY'S BAY LLC**, hereinafter **"RONNY'S"**), was and still is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of New York and is authorized to conduct business in the State of New York.

4. That at all times herein mentioned, Defendant, **TARGET** was and still is doing business in the State of New York.

5. That at all times herein mentioned, Defendant, **RONNY'S** was and still is doing business in the State of New York.

6. That at all times hereinafter mentioned **RONNY'S** owned the premises located at 345 Rockaway Turnpike, Lawrence, NY 11559 (hereinafter "the premises").

7. Upon Information and belief that at all times herein mentioned, **TARGET** leased and/or owned the premises.

8. That on January 19th, 2024 (hereinafter "aforesaid date"), a dangerous, wet and slippery condition existed at the aforesaid location, which included the accumulation of ice and/or snow (hereinafter "aforesaid condition.")

9. That on the aforesaid date, **DUNZO** was lawfully walking at the aforesaid location and fell due to the aforesaid condition.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST TARGET**

10. **DUNZO** repeats and realleges each and every allegation contained in paragraphs marked designated as "1" through "9" of this complaint with the same force and effect as though same were set forth in length.

11. That upon information and belief that, at all times hereinafter mentioned, **TARGET**, its agents, servants and/or employees operated the aforesaid premise.

12. That upon information and belief that, at all times hereinafter mentioned, **TARGET**, its agents, servants and/or employees managed the aforesaid premise.

13. That upon information and belief that, at all times hereinafter mentioned, **TARGET**, its agents, servants and/or employees controlled the aforesaid premise.

14. That upon information and belief that, at all times hereinafter mentioned, **TARGET**, its agents, servants and/or employees maintained the aforesaid premise.

15. That upon information and belief that, at all times hereinafter mentioned, **TARGET**, its agents, servants and/or employees inspected the aforesaid premise.

16. That upon information and belief that, at all times hereinafter mentioned, **TARGET**, its agents, servants and/or employees made repairs to the aforesaid premise.

17. That on and prior to January 19, 2024, **TARGET** leased a portion of the aforesaid premise.

18. That on the aforesaid date, **DUNZO**, while walking on the aforesaid location, in a manner that a careful, prudent person would, was caused to slip and fall due to the aforesaid condition and was caused to sustain severe personal injuries as a result of the negligence of **TARGET**.

19. That the occurrence was due to the negligence, recklessness, and carelessness of **TARGET**, and its agents, servants and/or employees in the ownership, maintenance, control, repair, supervision and inspection of the aforesaid location; in failing to warn of the dangers then and there existing; in failing to block off the area that was dangerous; in causing, in permitting and allowing said area thereat to become and remain unsafe for use; in creating a nuisance and a trap, when **TARGET** knew, or should have known, that an incident such as the instant one would or could occur.

20. That by reason of the aforesaid, **DUNZO** was rendered, sick, sore, lame, and disabled and suffered pain, shock and mental anguish; her injuries upon information and belief are of a

permanent character. That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care, and attention and treatment and she verily believes that she will, in the future, be obliged to incur further expense and obligations for medicines, medical care, and attention and treatment and continuous pain and suffering and be unable to follow her current vocation.

21. That **TARGET** had actual and/or constructive notice of the aforesaid condition prior to the aforesaid date.

22. That no negligence on the part of **DUNZO** contributed to the occurrence alleged herein in any matter whatsoever.

23. That this action falls within one or more of the exceptions set forth in the Civil Practice Law and Rules, Article 16, specifically Section 1602.

24. That as a result of the foregoing, **DUNZO** brings this action for damages both general and specific in a sum money that exceeds the monetary jurisdiction of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST RONNY'S**

25. **DUNZO** repeats and realleges each and every allegation contained in paragraphs marked designated as "1" through "24" of this complaint with the same force and effect as though same were set forth in length.

26. That upon information and belief that, at all times hereinafter mentioned, **RONNY'S**, its agents, servants and/or employees operated the aforesaid premise.

27. That upon information and belief that, at all times hereinafter mentioned, **RONNY'S**, its agents, servants and/or employees managed the aforesaid premise.

28. That upon information and belief that, at all times hereinafter mentioned, **RONNY'S,** its agents, servants and/or employees controlled the aforesaid premise.

29. That upon information and belief that, at all times hereinafter mentioned, **RONNY'S,** its agents, servants and/or employees maintained the aforesaid premise.

30. That upon information and belief that, at all times hereinafter mentioned, **RONNY'S**, its agents, servants and/or employees inspected the aforesaid premise.

31. That upon information and belief that, at all times hereinafter mentioned, **RONNY'S**, its agents, servants and/or employees made repairs to the aforesaid premise.

32. That upon information and belief that, at all times hereinafter mentioned, **RONNY'S** owned the aforesaid premises.

33. That on and prior to January 19, 2024, **RONNY'S** leased a portion of the aforesaid premise.

34. That on the aforesaid date, **DUNZO**, while walking on the aforesaid location, in a manner that a careful, prudent person would, was caused to slip and fall due to the aforesaid condition and was caused to sustain severe personal injuries as a result of the negligence of **RONNY'S.**

35. That the occurrence was due to the negligence, recklessness, and carelessness of **RONNY'S**, and its agents, servants and/or employees in the ownership, maintenance, control, repair, supervision and inspection of the aforesaid location; in failing to warn of the dangers then and there existing; in failing to block off the area that was dangerous; in causing, in permitting and allowing said area thereat to become and remain unsafe for use; in creating a nuisance and a

trap, when **RONNY'S** knew. or should have known, that an incident such as the instant one would or could occur.

36. That by reason of the aforesaid, **DUNZO** was rendered, sick, sore, lame, and disabled and suffered pain, shock and mental anguish; her injuries upon information and belief are of a permanent character. That by reason thereof, she has been prevented from usual vocation and has been obliged to incur expense and obligations for medicines, medical care, and attention and treatment and she verily believes that she will, in the future, be obliged to incur further expense and obligations for medicines, medical care, and attention and treatment and continuous pain and suffering and be unable to follow her current vocation.

37. That **RONNY'S** had actual and/or constructive notice of the aforesaid condition prior to the aforesaid date.

38. That no negligence on the part of **DUNZO** contributed to the occurrence alleged herein in any matter whatsoever.

39. That this action falls within one or more of the exceptions set forth in the Civil Practice Law and Rules, Article 16, specifically Section 1602.

40. That as a result of the foregoing, **DUNZO** brings this action for damages both general and specific in a sum money that exceeds the monetary jurisdiction of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, **DUNZO** demands judgment in her favor against the Defendants **TARGET** and **RONNY'S** in a sum that exceeds the jurisdictional amount of all lower Courts which would otherwise have jurisdiction of this action.

Case 1:26-cv-00006-BMC Document 1-1 Filed 01/02/26 Page 9 of 11 PageID #: 13

Dated: Garden City, New York
December 31, 2024

Yours, etc.,

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: NEIL MOLDOVAN, ESQ.
Attorneys for Plaintiff
**HADJA DUNZO**
900 Stewart Avenue Ste. 220
Garden City, NY 11530
(516) 294-3300

# VERIFICATION

NEIL MOLDOVAN, an attorney duly admitted to practice law in the State of New York, under penalties of perjury, do affirm:

That I am an associate of the Law Offices of Neil Moldovan, P.C., the attorneys of record, for Plaintiff, **HADJA DUNZO**, in the within matter, and make this affirmation in accordance with CPLR 3020. That I have read the within Complaint and know the contents thereof to be true to your affirmant's own knowledge, with the exception of those matters therein stated to be alleged upon information and belief, and as to those matters your affirmant believes them to be true.

This verification is made by your affirmant and not by the Plaintiff is because the Plaintiff resides outside the County where deponent maintains his office.

Dated: Garden City, New York
December 31, 2024

NEIL MOLDOVAN, ESQ.

20250115 0 348

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X **Index #**

HADJA DUNZO,

Plaintiff,

-against-

TARGET CORPORATION & RONNY'S BAY LLC,

Defendant,

-----------------------------------------------------------------X

---

**SUMMONS AND VERIFIED COMPLAINT**

---

*Pursuant to 22 NYCRR130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Law Offices of Neil Moldovan, P.C.
Attorneys for Plaintiff

By: Neil Moldovan, Esq.
900 Stewart Avenue
Garden City, NY 11530
(516) 294-3300

)617